**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4165**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN WHITE,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:18-cr-00319-CCE-1)

─────────────

Submitted:  September 27, 2022                    Decided:  September 30, 2022

─────────────

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

─────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Peter D. Zellmer, PETER D. ZELLMER, PLLC, Greensboro, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin White pleaded guilty, pursuant to a written plea agreement, to attempted interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Hobbs Act robbery), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[1]  The district court found White to be a career offender and sentenced him to 144 months' imprisonment.  White appealed his sentence, and upon the joint motion of the parties, we vacated the sentence and remanded for resentencing.  The court resentenced White—without the career offender enhancement—to 126 months' imprisonment.  White timely appealed.

Counsel for White has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the guilty plea was supported by a sufficient factual basis or whether there was a *Rehaif* [2] error.  White has filed a pro se brief asserting that he was coerced into pleading guilty and questioning whether he was resentenced as a career offender.  The Government moves to dismiss the appeal as barred by the appellate waiver included in White's plea agreement. We affirm in part and dismiss in part.

---

[1] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense.  *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The 15-year statutory maximum does not apply here, however, because White was convicted before the June 25, 2022, amendment of the statute.

[2] *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue[s] appealed [are] within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during a plea colloquy performed in accordance with Fed. R. Crim. P. 11, and the record shows that the defendant understood the waiver's significance, the waiver is both valid and enforceable. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). Our review of the record confirms that White knowingly and voluntarily pleaded guilty and waived his right to appeal. We therefore conclude that the waiver is valid.

With respect to White's assertion that the factual basis was insufficient to support his guilty pleas, we disagree.[3] The factual basis established all the elements of the attempted Hobbs Act robbery offense. *See United States v. Taylor*, 142 S. Ct. 2015, 2020 (2021) (listing elements). For the § 922(g)(1) offense, the indictment and the factual basis omitted the element that White knew of his status as a felon when he possessed the firearm. *See Rehaif*, 139 S. Ct. at 2194. However, White has not contended on appeal that he did not know he was a felon and, given his criminal history, he could not raise a reasonable argument that he was not aware that he was a felon. *See Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) (noting showing required to demonstrate plain error based on *Rehaif*). Therefore, we conclude that the factual basis was sufficient to support White's guilty pleas.

---

[3] The appeal waiver does not bar review of this claim. *United States v. McCoy,* 895 F.3d 358, 364 (4th Cir. 2018) (holding "that even valid appeal waivers do not bar claims [challenging] . . . a guilty plea").

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment. This court requires that counsel inform White, in writing, of the right to petition the Supreme Court of the United States for further review. If White requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on White. Therefore, we deny counsel's motion to withdraw at this juncture so that counsel may fulfill these requirements. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4